☐ Original          ☐ I

CLERK'S OFFICE
A TRUE COPY
Sep 28, 2022
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | | | | |
|---|---|---|---|---|
| In the Matter of the Search of | ) | | | |
| *(Briefly describe the property to be searched* | ) | | | |
| *or identify the person by name and address)* | ) | Case No. | 22 MJ 166 | |
| information about the location of the cellular | ) | | | |
| device assigned call number 414-269-7874 | ) | | | |
| | ) | | | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before      10/8/2022      *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      William E. Duffin, United States Magistrate Judge      .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      9/28/2022 at 1:53 PM

*William E. Duffin*
*Judge's signature*

City and state:   Milwaukee, Wisconsin

William E. Duffin, United States Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. Records and information associated with the cellular device assigned call number 414-269-7874 (referred to herein and in Attachment B as "the Target Cell Phone"), that is in the custody or control of Sprint/T-Mobile (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251.

2. The Target Cell Phone.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider, the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a.  The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period from August 28, 2022 to the present:

        i.  Names (including subscriber names, user names, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.  Local and long distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.  Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received).

b. Information associated with each communication to and from the Target Cell Phone for a period of 30 days from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c. Information about the location of the Target Cell Phone for a period of 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.     Information to be Seized by the Government

All information described above in Section I that constitutes evidence, contraband, and instrumentalities of violations of 21 U.S.C. §§ 846, 841(a)(1), and 843(b) involving Jonathan Rentas-Espada and others during the period from January 1, 2021 to the present.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Sep 28, 2022
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
information about the location of the cellular )
device assigned call number 414-269-7874 )

Case No. 22 MJ 166

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846, 841(a)(1), 843 (b) | distribution and possession with the intent to distribute a controlled substance, use of the mail to facilitate a felony drug crime, and conspiracy to do the same |

The application is based on these facts:

See the attached affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

PATRICK COE
Digitally signed by PATRICK COE
Date: 2022.09.27 12:07:23 -05'00'

*Applicant's signature*

Patrick Coe, Task Force Officer

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

__telephone__ *(specify reliable electronic means).*

Date: __9/28/2022__

*Judge's signature*

City and state: Milwaukee, Wisconsin

William E. Duffin, United States Magistrate Judge

*Printed name and title.*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Patrick Coe, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 414-269-7874 (the "Target Cell Phone"), whose service provider is Sprint/T-Mobile ("Service Provider"), a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone.

3.      On March 24, 2022, the Honorable William E. Duffin, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant for information about the location of the cellular telephone assigned call number (414) 915-1579 related to an investigation of Jonathan Rentas-Espada in Case No. 22-MJ-62. On March 25, 2022, case agents began receiving information about the location of the cellular telephone assigned call number (414) 915-1579 from

Sprint/T-Mobile. On March 28, 2022, however, Sprint/T-Mobile indicated that Rentas-Espada dropped that call number, in that he stopped using that call number and Sprint/T-Mobile reported an "absent subscriber." As described below, Rentas-Espada is now using the cellular telephone assigned call number 414-269-7874.

4.  On or about April 1, 2022, the Honorable Stephen C. Dries, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant for information about the location of the cellular telephone assigned call number (414) 269-7874 (the Target Cell Phone) in relation to an investigation of Jonathan Rentas-Espada. On or about April 29, 2022, the Honorable Stephen C. Dries, United States Magistrate Judge of the Eastern District of Wisconsin, extended the monitoring period for information about the location of the cellular telephone assigned call number (414) 269-7874 (the Target Cell Phone) in relation to an investigation of Jonathan Rentas-Espada. That monitoring period expired on or about May 29, 2022.

5.  On or about June 15, 2022, the Honorable William E. Duffin, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant for information about the location of the cellular telephone assigned call number (414) 269-7874 (the Target Cell Phone) in relation to an investigation of Jonathan Rentas-Espada. That monitoring period expired on or about July 15, 2022.

6.  On or about July 29, 2022, the Stephen C. Dries, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant for information about the location of the cellular telephone assigned call number (414) 269-7874 (the Target Cell Phone) in relation to an investigation of Jonathan Rentas-Espada. That monitoring period expired on or about August 29, 2022.

7.      I am a Task Force Officer with the Drug Enforcement Administration and have been since November 2020. I have been an officer with the Milwaukee Police Department for approximately 12 years.

8.      I have participated in the investigation of narcotics-related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, weapons, stolen property, United States currency, and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology used by the traffickers and abusers of controlled substances. I have participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover transactions, analysis of phone and financial records, and arrests of numerous drug traffickers. I have been the affiant on many search warrants. I have also spoken on numerous occasions with other experienced narcotics investigators, both foreign and domestic, concerning the methods and practices of drug traffickers and money launderers. Furthermore, I have attended training courses, which specialized in the investigation of drug trafficking and money laundering. Through these investigations, my training and experience, and conversations with other law enforcement personnel, I have become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds.

9.      Based on my training, experience, and conversations with other law enforcement officers, I know that distributors of marijuana, methamphetamine, cocaine, heroin, as well as other controlled substances, often use cellular and landline telephones. Additionally, I know that drug traffickers often change their phone numbers and cellular devices on a frequent basis in an attempt

to thwart law enforcement from tracking their phones and to conceal their identities. I know that these individuals often use code words to discuss controlled substances and methods of concealing controlled substances while talking on the telephone.

10.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom I have had regular contact regarding this investigation. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

11.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 846, 841(a)(1), and 843(b) have been committed, are being committed, and will be committed by Jonathan RENTAS-ESPADA and other associates of his drug trafficking organization (collectively, "ESPADA DTO"). There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

12.     The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

13.     The United States, including the Drug Enforcement Administration, is conducting a criminal investigation of Jonathan RENTAS-ESPADA and others regarding possible violations of 21 U.S.C. §§ 846, 841(a)(1), and 843(b).

14.     In November 2021, case agents conducted a debrief of a confidential source (CS-1)[1], who stated that he/she knows a subject as "Forty" or "40" who sells large quantities of cocaine and heroin in the Milwaukee Area. CS-1 provided the "Facebook" profile name of "Nahtanoj Satner," showing case agents photographs of the subject they know as "Forty."

15.     Case agents conducted a search of multiple law enforcement databases and social media profiles and discovered that the name "Nahtanoj Satner" is Jonathan Rentas spelled backwards. Case agents conducted a search of the Milwaukee Police Department's booking database and located a subject by the name of Jonathan RENTAS-ESPADA (DOB: 03/02/1992). Case agents compared a booking photograph of RENTAS-ESPADA to the Facebook profile "Nahtanoj Satner" and positively identified RENTAS-ESPADA as the subject that CS-1 described. Case agents showed CS-1 a series of photographs including RENTAS-ESPADA's booking photograph, and CS-1 positively identified RENTAS-ESPADA as "Forty."

---

[1] For several reasons, case agents believe CS-1 is reliable and credible. Substantial parts of CS-1's information have been independently corroborated and verified by law enforcement, and the information provided by CS-1 is consistent with evidence obtained elsewhere in this investigation. Additionally, CS-1 has made statements against his/her penal interest related to his/her direct involvement in illegal activity, including drug trafficking in the Milwaukee area. CS-1 has also provided information about wanted subjects in the Milwaukee area. Case agents confirmed that those subjects were, in fact, wanted through law enforcement databases and information from other law enforcement officers. CS-1 has provided information about several subjects in the Milwaukee area who are involved in narcotics trafficking. I have investigated those leads and confirmed that these subjects are involved in narcotics trafficking through undercover surveillance, such as observing hand-to-hand transactions. CS-1 has conducted multiple controlled buys of controlled substances which has led to the collection of valuable intelligence and seizure of controlled substances in the Milwaukee area. CS-1 has a criminal history that includes arrests and/or convictions for burglary, robbery, armed robbery, receiving stolen property, bail jumping, disorderly conduct, obstructing an officer, possession of controlled substances, traffic violations, trespass, retail theft, theft, weapons offenses, and firearms offenses. CS-1 is cooperating for prosecutorial and judicial consideration in connection with a pending case.

16.     CS-1 stated that he/she knows that RENTAS-ESPADA frequently travels to Puerto Rico with large sums of United States currency. CS-1 believes that RENTAS-ESPADA exchanges the money for kilograms of cocaine that are later shipped via the United States Postal Service (USPS) to Milwaukee. CS-1 stated that RENTAS-ESPADA asked him/her to travel with RENTAS-ESPADA for that purpose on more than one occasion. CS-1 believes that after RENTAS-ESPADA receives the parcel with the kilogram of cocaine in the mail, RENTAS-ESPADA then breaks the pressed kilogram down to smaller amounts and distributes those drugs throughout the Milwaukee area.

17.     After receiving this information, I solicited assistance from Special Agent Tyler Fink of the United States Postal Service's Office of Inspector General. Case agents conducted surveillance and phone analysis to identify suspects involved with RENTAS-ESPADA. Case agents provided Special Agent Fink with a list of addresses and subjects suspected to be involved in the ESPADA Drug Trafficking Organization (ESPADA DTO). Special Agent Fink used this information along with information gathered from his databases to discover that several suspicious parcels were being delivered to several addresses. Special Agent Fink's training and experience led him to believe that several parcels were suspicious based on knowledge of this case, the size of the parcels, the origin of the parcels, the type of mail service, and the tracking of certain IP addresses.

18.     Based on the characteristics described above, Special Agent Fink located several suspicious parcels delivered or intended to be delivered to addresses associated with the ESPADA DTO on the following dates. (Some of those parcels are described in more detail below.) Suspicious parcels were delivered to 1418 West Hayes Avenue, Milwaukee, Wisconsin on August 23, 2021, November 3, 2021, and December 27, 2021. Suspicious parcels were delivered to 2930 North 1st Street, Milwaukee, Wisconsin on July 14, 2021, November 18, 2021, and December 9,

2021. A suspicious parcel was delivered to 2456 South 75th Street, West Allis, Wisconsin on December 23, 2021. Suspicious parcels were delivered to 2443 South 7th Street, Upper, Milwaukee, Wisconsin on January 18, 2022, February 9, 2022, and March 15, 2022 and March 23rd 2002. Suspicious parcels were delivered to 7020 West Grantosa Drive, Milwaukee, Wisconsin on January 21, 2022 and February 12, 2022. Suspicious parcels were delivered to the address 1916 South 30th Street, Milwaukee, Wisconsin on May 2, 2022 and May 26, 2022. A suspicious parcel delivered to 4218 South 3rd Street, Milwaukee, Wisconsin on May 5, 2022. A suspicious parcel was intended to be delivered to 3633 West National Avenue, Milwaukee, Wisconsin, but was seized on March 2, 2022.

19.     A check with the Wisconsin Department of Transportation revealed that RENTAS-ESPADA lists the address 2456 South 75th Street, West Allis, Wisconsin as his registered address. Case agents have conducted surveillance several times at that address and observed that RENTAS-ESPADA parks several of his vehicles behind the address. During surveillance, case agents have observed RENTAS-ESPADA enter and exit this residence on several occasions.

20.     On Wednesday, February 9, 2022, Special Agent Fink notified case agents that a suspicious parcel was being delivered to the upper unit of 2443 South 7th Street, Milwaukee, Wisconsin. Case agents conducted surveillance at the address. At approximately 11:10 a.m., case agents observed the United States Postal Service deliver the parcel to the address 2443 South 7th Street, Milwaukee, Wisconsin. The USPS letter carrier placed the white cardboard box at the front door to the address between the screen door and main door and left. At 11:45 a.m.., case agents observed a subject tentatively identified as Cesar Omar DELGADO-POMALES (DOB: 06/02/1992), emerge from the gangway on the south side of the residence 2443 South 7th Street, Milwaukee, Wisconsin. DELGADO-POMALES checked the mailbox labeled "2443 UPPER" then proceeded to open the screen door and take the parcel.  Case agents photographed

DELGADO-POMALES as he took the parcel in his hands. DELGADO-POMALES then proceeded back into the gangway. DELGADO-POMALES was identified by the distinct flower tattoo on his left hand. This tattoo was captured through the photographs taken by case agents as DELGADO-POMALES handled the parcel. The same tattoo was observed in a photograph of DELGADO-POMALES on Facebook. internet open source. Case agents also observed RENTAS-ESPADA's 2013 Mercedes Benz (WI: AKC-7311) (VIN: WDDGJ4HB0DF962431), listing to a Jonathan RENTAS ESPADA (DOB: 03/02/1992) (WI-DL: R5324209208206) at the address 2456 South 75th Street, West Allis, Wisconsin, driving in the area and later parking being the address 2443 South 7th Street, Milwaukee, Wisconsin.

21.     On Saturday, February 12, 2022, Special Agent Fink notified case agents of a suspicious parcel being delivered to the address 7020 West Grantosa Drive, Milwaukee, Wisconsin. Case agents established surveillance at the residence. At approximately 1:10 p.m., case agents observed a United State Postal Service letter carrier drive to the address 7020 West Grantosa Drive and knock on the front door with no answer. At approximately 1:20 p.m., case agents observed a maroon Kia Sportage (WI: AAW-4059) driving around the block in the area. Case agents observed the maroon Kia stop in front of the residence at 7020 West Grantosa Drive with a male driver, which case agents suspected to be RENTAS-ESPADA, but were unable to positively identify due to darkly-tinted windows, along with a passenger. Case agents observed a subject, later identified as Solymar PUIGDOLLER-GONZALEZ, exit the passenger door of the vehicle leaving the door open, walk to the address 7020 West Grantosa Drive, walk back to the vehicle, and sit down before the vehicle drove away from the location. A check with the Wisconsin Department of Transportation revealed that the maroon Kia Sportage (WI: AAW-4059) lists to a Solymar PUIGDOLLERS-GONZALEZ with a date of birth of November 25, 1999 at the address 3633 West National Avenue, Milwaukee, Wisconsin, along with Teresa GONZALEZ-RIVERA

with a date of birth of April 27, 1977 at the address 3633 West National Avenue, Apartment 1, Milwaukee, Wisconsin. The maroon Kia has been observed during surveillance on several occasions behind the address 2456 South 75th Street, West Allis, Wisconsin—RENTAS-ESPADA's address.

22.     On Wednesday, March 2, 2022, Special Agent Fink notified case agents of a suspicious parcel being delivered to the address 3633 West National Avenue, Milwaukee, Wisconsin—PUIGDOLLER-GONZALEZ's address. Special Agent Fink intercepted this parcel before delivery.  The Honorable William E. Duffin, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant authorizing a search and seizure of the contents of that parcel in Case No. 22-MJ-003. Case agents searched the parcel and found a white brick-like substance pressed in a vacuum-sealed bag with a "LV" stamp on the brick, similar to the font used by the "Louis Vuitton" logo. The white brick was wrapped in several other materials to attempt to disguise the parcel. The substance field tested positive for cocaine with an approximate weight of 1015.9 grams.

23.     Postal inspectors informed investigators of several more suspicious parcels delivered from Puerto Rico to Milwaukee at addresses known to be associated with RENTAS-ESPADA or members of the ESPADA DTO.

24.     During these parcel deliveries, case agents conducted undercover surveillance of each parcel. During surveillance, case agents observed RENTAS-ESPADA and other members of the ESPADA DTO at each parcel delivery and pick up. Investigators observed RENTAS-ESPADA or members of the ESPADA DTO retrieve the suspicious parcel on each occasion. During these parcel deliveries, case agents also monitored and submitted administrative subpoenas to several phone numbers associated with members of the ESPADA DTO. Upon analyzing the phone data, case agents observed multiple phone numbers based in Puerto Rico, including 787-216-7378 and

787-528-2693, consistently in contact with RENTAS-ESPADA when a parcel was delivered or scheduled for delivery.

25. CS-1 stated that he/she observed RENTAS-ESPADA selling cocaine and heroin at a retail-level repeatedly during more than four hours in or about February 2022. CS-1 stated that he/she observed RENTAS-ESPADA operating four cellular phones, suggesting that RENTAS-ESPADA was using certain phones to stay in contact with certain customers. CS-1 suspects that RENTAS-ESPADA has a phone for his cocaine customers that is different from the phone for his heroin customers. Those numbers are also different than the phone RENTAS-ESPADA's family and friends would use. CS-1 also suspects that the last phone is for larger-level drug transactions. CS-1 stated that RENTAS-ESPADA provided him/her with the call number (414) 915-1579 and told him/her to contact him at that number if CS-1 needs anything.

26. Case agents submitted an administrative subpoena for the call number (414) 915-1579 to the Service Provider during the time periods of several parcel deliveries and observed that call number (414) 915-1579 was in contact with relevant phone numbers from Puerto Rico.

27. On March 24, 2022, the Honorable William E. Duffin, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant for information about the location of the cellular telephone assigned call number (414) 915-1579 related to an investigation of Jonathan Rentas-Espada in Case No. 22-MJ-62. On March 25, 2022, case agents began receiving information about the location of the cellular telephone assigned call number (414) 915-1579 from Sprint/T-Mobile. On March 28, 2022, however, Sprint/T-Mobile indicated that Rentas-Espada dropped that call number, in that he stopped using that call number and Sprint/T-Mobile reported an "absent subscriber."

28. Case agents believe that RENTAS-ESPADA is now using the Target Cell Phone. CS-1 informed case agents that RENTAS-ESPADA will often discard or exchange phone numbers

to evade law enforcement. Based on my training and experience, I know that drug traffickers often use multiple phones and phone numbers and frequently change phone numbers to avoid law enforcement detection and prevent unwanted callers from contacting or locating them.

29.     Case agents analyzed telephone toll records associated with members and associates of the ESPADA DTO. In doing so, case agents identified the Target Cell Phone. Case agents then conducted a telephone toll analysis comparing the Target Cell Phone to RENTAS-ESPADA's prior call number 414-915-1579, which revealed that approximately 8 of the top 10 callers in contact with 414-915-1579 are also the top contacts for the Target Cell Phone. The Target Cell Phone is also in contact with suspected drug traffickers in Puerto Rico—Kenneth Cruz using 787-216-7378 and Eliezer Ramirez using 787-528-2693. The subscriber information for the Target Cell Phone also lists Jonathan RENTAS-ESPADA as the subscriber.

30.     On or about April 1, 2022, the Honorable Stephen C. Dries, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant for information about the location of the cellular telephone assigned call number (414) 269-7874 (the Target Cell Phone) in relation to an investigation of Jonathan Rentas-Espada. On or about April 29, 2022, the Honorable Stephen C. Dries, United States Magistrate Judge of the Eastern District of Wisconsin, extended the monitoring period for information about the location of the cellular telephone assigned call number (414) 269-7874 (the Target Cell Phone) in relation to an investigation of Jonathan Rentas-Espada. That monitoring period expired on or about May 29, 2022.

31.     On or about June 15, 2022, the Honorable William E. Duffin, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant for information about the location of the cellular telephone assigned call number (414) 269-7874 (the Target Cell Phone) in relation to an investigation of Jonathan Rentas-Espada. That monitoring period expired on or about July 15, 2022.

32.     On or about July 29, 2022, the Stephen C. Dries, United States Magistrate Judge of the Eastern District of Wisconsin, issued a warrant for information about the location of the cellular telephone assigned call number (414) 269-7874 (the Target Cell Phone) in relation to an investigation of Jonathan Rentas-Espada. That monitoring period expired on or about August 29, 2022.

33.     Case agents began receiving location information for Target Cell Phone from Sprint/T-Mobile. With the assistance of the location information, case agents were able to conduct undercover surveillance of RENTAS-ESPADA on several occasions.

34.     On Thursday, April 21, 2022, case agents observed that the location of the Target Cell Phone was near RENTAS-ESPADA's home address located at 2456 South 75th Street, West Allis, Wisconsin. Case agents established surveillance of the residence. Case agents observed three vehicles parked in the back slab at the rear of the residence, a light blue Mercedes Benz (WI: AKC-7311), a maroon Kia SUV (WI: AAW-4059), and a black Honda Pilot (WI: ANG-9255). The Honda Pilot listed to Wilfredo MALDONADO-NIEVES (DOB: 06-08-1992) at the address 3224 West National Avenue, Unit #4, Milwaukee, Wisconsin.

35.     During the surveillance, case agents observed RENTAS-ESPADA exit the rear of the residence located at 2456 South 75th Street, West Allis, Wisconsin, and get into the blue Mercedes. Investigators used the location information for the Target Cell Phone to follow RENTAS-ESPADA from approximately 7:27 a.m. until approximately 8:37 a.m. During that time period, case agents observed RENTAS-ESPADA drive to several public locations and stop in a public area where investigators were able to surveil him. On seven occasions, case agents observed RENTAS-ESPADA park his vehicle and meet with another subject who sat in the passenger seat of RENTAS-ESPADA's vehicle for less than one minute then exited RENTAS-ESPADA's vehicle and left in a vehicle or on foot. RENTAS-ESPADA then drove back to his residence where

he was observed exiting the blue Mercedes Benz and entering the black Honda Pilot. RENTAS-ESPADA drove away from the residence at approximately 8:45 a.m., and case agents continued to follow the Honda Pilot until approximately 9:14 a.m. Case agents observed RENTAS-ESPADA interact with five more unidentified people in the same short-term contact manner. Case agents discontinued following RENTAS-ESPADA and conducted surveillance at the address 2443 South 7th Street, Milwaukee, Wisconsin. Investigators received information from CS-1 that RENTAS-ESPADA will often make street-level drug transactions throughout the day and replenish the diminishing supply of narcotics in his vehicle with a stash of cocaine stored at 2443 South 7th Street, Milwaukee, Wisconsin. At approximately 9:51 a.m., case agents observed the black Honda Pilot drive to the address 2443 South 7th Street, Milwaukee, Wisconsin, park in the rear of the residence for approximately four minutes and drive away. Surveillance was then terminated.

36.      On Thursday, April 21, 2022, case agents received information that a suspicious parcel would be delivered on Saturday, April 23, 2022 to the address 2443 South 7th Street, Milwaukee, Wisconsin. On April 23, 2022, investigators established undercover surveillance at the address 2443 South 7th Street, Milwaukee, Wisconsin. At approximately 11:34 a.m., case agents observed the maroon Kia Sportage (WI: AAW-4059) park at the rear of 2443 South 7th Street, Milwaukee, Wisconsin. At approximately 11:36 a.m., case agents observed the suspicious parcel delivered to the address by a USPS mail carrier. That suspicious parcel was placed at the front door of the residence. At approximately 11:40 a.m., case agents observed the maroon Kia exit the alley and drive north bound in the 2400 block of South 7th Street at a normal speed. As the vehicle approached 2443 South 7th Street, the vehicle slowed down until it passed the location. As the maroon Kia passed the location, the vehicle sped back up and conducted a series of turns before parking behind 2443 South 7th Street. Case agents observed a person who they believed to be RENTAS-ESPADA exit the driver's door of the Kia SUV and walk toward the residence. Case

agents then observed RENTAS-ESPADA emerge from the rear to the front of the residence. Case agents observed RENTAS-ESPADA pick up the package at the front of the house. Case agents observed RENTAS-ESAPDA then get back into his vehicle and drive away southbound in the alley. At 11:46 a.m., case agents checked the location information for the Target Cell Phone which showed that the RENTAS-ESPADA's phone was located in the 2400 block of South 7th Street at the time.

37.     On Wednesday, May 11, 2022, case agents introduced an undercover officer to RENTAS-ESPADA as a customer. CS-1 planned to call RENTAS-ESPADA and tell him that he/she knew of another customer that would like to purchase a half ounce of cocaine. The undercover officer would drive CS-1 to meet RENTAS-ESPADA at which time the undercover officer would purchase cocaine directly from RENTAS-ESPADA. CS-1 and the undercover officer met with case agents. CS-1 made a phone call to RENTAS-ESPADA on the Target Cell Phone and told RENTAS-ESPADA that he wanted to introduce another customer. RENTAS-ESPADA informed CS-1 to meet at the El Rey Food Mart at the address 1320 West Burnham Street, Milwaukee, Wisconsin 53204.

38.     Case agents provided the undercover officer with a predetermined amount of money. The undercover officer drove CS-1 to the meet location. RENTAS-ESPADA was observed driving to the location shortly after the undercover officer. RENTAS-ESPADA walked to the undercover officer's vehicle and sat in the back passenger's seat of the vehicle. RENTAS-ESPADA exchanged a clear plastic sandwich bag knotted off at the end and filled with a white, chunky powder for the predetermining amount of U.S. currency. RENTAS-ESPADA exited the undercover vehicle and walked back to his vehicle. The substance later field tested positive for cocaine and weighed 15.6 grams.

39.     On Saturday, May 14, 2022, CS-1 called investigators and informed them that RENTAS-ESPADA called and asked CS-1 to fly on a commercial air flight to Puerto Rico within the upcoming days. CS-1 stated RENTAS-ESPADA wanted CS-1 to accompany him to assist with conducting business and potentially carrying money to sources in Puerto Rico. CS-1 was not able to accompany RENTAS-ESPADA on this trip, but RENTAS-ESPADA informed CS-1 that there would be other trips. Case agents used the pen-trap information for the Target Cell Phone to confirm that several phone calls were exchanged between Target Cell Phone and CS-1's phone number. On Saturday, May 28, 2022, case agents used the location information for the Target Cell Phone and observed that RENTAS-ESPADA traveled to Chicago O'Hare International Airport and later to San Juan, Puerto Rico.

40.     CS-1 informed case agents that RENTAS-ESPADA has a crew of approximately four identified subjects that are selling cocaine and heroin for RENTAS-ESPADA. CS-1 stated that the leader of the smaller group is a subject identified as Amaury ALVAREZ-SOSTRE (DOB: 12-02-1998). CS-1 stated that RENTAS-ESPADA will travel to ALVAREZ-SOSTRE's residence at 1815 West Becher Street, Milwaukee, Wisconsin to pick up U.S. currency on a daily basis. Case agents conducted undercover surveillance at the residence 1815 West Becher Street, and observed RENTAS-ESPADA drive a blue Mercedes Benz (WI: AKC-7311) to the rear of the residence. Case agents observed ALVAREZ-SOSTRE walk from the gangway of the residence to the vehicle. ALVAREZ-SOSTRE sat in the passenger's side of the vehicle for approximately three minutes and exited the vehicle then walked back into the gangway of the residence. This short-term contact is consistent with CS-1's description of an exchange of drug proceeds between ALVAREZ-SOSTRE and RENTAS-ESPADA.

41.     On Monday, August 22, 2022, police officers of the Milwaukee Police Department conducted a traffic stop on a black BMW X3 bearing Wisconsin registration plate APW-5835

(listing to a 2001 Toyota RAV4 with a registered owner of Jhenssell O. PACHECO-RIVERA (DOB: 06/13/1998) at the address 1916 South 30th Street, Milwaukee, Wisconsin). RENTAS-ESPADA was the driver of the vehicle. ALVAREZ-SOSTRE was in the front passenger seat, and Joel A. LOPEZ (DOB: 12/10/2000) was in the rear passenger seat. ALVAREZ-SOSTRE was found in possession of one clear plastic bag containing approximately 28.03 grams of suspected cocaine, a second clear plastic sandwich bag containing 38 separate corner cut bags of suspected cocaine, and a third clear plastic sandwich bag containing 20 separate clear plastic corner cut bags of suspected cocaine. The total weight of the substances is 33.79 grams, and the substances field tested positive for cocaine. Inside of the vehicle, officers located over $1,000 of U.S. currency in various small denominations. Both RENTAS-ESPADA and ALVAREZ-SOSTRE were in possession of three to four cellular phones each. ALVAREZ-SOSTRE has been charged with possession with intent to deliver cocaine in Milwaukee County Case No. 2022CF003401.

42.     After ALVAREZ-SOSTRE's arrest, case agents conducted an interview of CS-1, who informed case agents that they spoke with both ALVAREZ-SOSTRE and RENTAS-ESPADA. CS-1 stated that RENTAS-ESPADA booked an airplane flight to Puerto Rico to leave on August 23, 2022—the day after the traffic stop. CS-1 stated that RENTAS-ESPADA is attempting to evade law enforcement attention by traveling to Puerto Rico. CS-1 suspects that RENTAS-ESPADA is also afraid that ALVAREZ- SOSTRE might have discussed RENTAS-ESPADA's involvement in the drug trade with law enforcement. CS-1 stated that RENTAS-ESPADA is also conducting business while in Puerto Rico and will likely receive shipments of cocaine upon his return. CS-1 stated that RENTAS-ESPADA will likely use individuals other than ALVAREZ-SOSTRE in the Milwaukee area to continue his business.

43.     CS-1 stated that RENTAS-ESPADA is currently in Puerto Rico and does not know exactly when he is going to return.

44.     Case agents believe that RENTAS-ESPADA is now using the Target Cell Phone to facilitate cocaine deals from Puerto Rico to Milwaukee and to conduct drug transactions in the Milwaukee area. Information about the location of the Target Cell Phone will also enable case agents to conduct physical and electronic surveillance of RENTAS-ESPADA's activities in Puerto Rico and Milwaukee and identify the existence, scope, and acts in furtherance of the drug conspiracy, along with other co-conspirators.

## TECHNICAL BACKGROUND

45.     In my training and experience, I have learned that the Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

## Cell-Site Data

46.     Based on my training and experience, I know that the Service Provider can collect cell-site data on a prospective basis about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of

the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

### E-911 Phase II / GPS Location Data

47.     I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

### Pen-Trap Data

48.     Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the

embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

## Subscriber Information

49.     Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as the Service Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the Target Cell Phone's user or users and may assist in the identification of co-conspirators.

## AUTHORIZATION REQUEST

50.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

51.     I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

52.     I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

53.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

54.     Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

**<u>ATTACHMENT A</u>**

**Property to Be Searched**

1. Records and information associated with the cellular device assigned call number 414-269-7874 (referred to herein and in Attachment B as "the Target Cell Phone"), that is in the custody or control of Sprint/T-Mobile (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251.

2. The Target Cell Phone.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider, the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

   a.  The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period from August 28, 2022 to the present:

      i.  Names (including subscriber names, user names, and screen names);

      ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

      iii.  Local and long distance telephone connection records;

      iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      v.  Length of service (including start date) and types of service utilized;

      vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

      vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received).

b. Information associated with each communication to and from the Target Cell Phone for a period of 30 days from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c. Information about the location of the Target Cell Phone for a period of 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.    Information to be Seized by the Government**

All information described above in Section I that constitutes evidence, contraband, and instrumentalities of violations of 21 U.S.C. §§ 846, 841(a)(1), and 843(b) involving Jonathan Rentas-Espada and others during the period from January 1, 2021 to the present.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.